IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

February 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

LARRY STEPHEN ROSEBERRY,    )  McMINN CHANCERY
    )  C. A. NO. 03A01-9706-CH-00237
    Plaintiff-Appellant    )
    )
    )
    )
    )
    )
vs.    )  HON. EARLE G. MURPHY
    )  JUDGE BY DESIGNATION
    )
    )
    )
    )
    )
JANIS ROSEBERRY,    )  AFFIRMED AND REMANDED
    )
    Defendant-Appellee    )

H. CRIS TREW, Higgins, Biddle, Chester & Trew, LLP, Athens, for
Appellant.

B. PRINCE MILLER, JR., Cleveland, for Appellee.

O P I N I O N

McMurray, J.

In this divorce action, the appellant (husband) appeals from
the judgment of the trial court questioning the amount of child
support he was ordered to pay, the division of marital property and

alimony, including the amount, nature, and duration. The appellee (wife) seeks attorney fees for this appeal. No issue is presented relating to the granting of the divorce.

The parties had been married for approximately 23 years at the time the divorce decree was entered. Two children were born to the marriage, however, only one, Glen Roseberry, age 13, was still a minor at the time of trial. The trial court ordered the husband to pay child support in the amount of $1,300.00 per month which he found to be the amount required by the Child Support Guidelines. He was further required to maintain health and hospitalization insurance on his minor son and to maintain a policy of insurance on his life in the amount of $100,000.00 until his child support obligation ceased or in the event he died before the child support obligation ceased, the life insurance proceeds would be used in an amount equal to the child support obligation remaining and which he would have been required to pay had he survived.[1] The remainder of any insurance proceeds were to first be applied to pay the monthly home mortgage payments until the property was sold. Any remaining proceeds are to be paid to the husband's estate. Additionally, he ordered the husband to pay to the wife the sum of $800.00 per month as alimony to be paid until such time as the wife shall die or remarry. He further made a division of the parties' marital

---

[1] We note that at the time of the trial, the husband had more than enough life insurance in force to satisfy this requirement.

2

property including the residence owned by the parties. There was equity in the home, at the time of the divorce, of $26,000.00. There was also an outstanding mortgage on the home of approximately $98,000.00 at the time of the hearing. The court ordered that the marital residence owned during the marriage as tenants by the entireties be, after the divorce, held as tenants in common. Exclusive possession of the home was awarded to the wife until the minor child reached age 18 or graduates from high school with his normal class. Upon the occurrence of the later event, the home was ordered sold. The wife is, upon sale, to receive the $26,000.00 equity. Any balance was awarded to the husband. In the interim, the husband was ordered to pay the monthly mortgage payments of approximately $1,005.00 per month at the time of the trial.[2] The parties owed approximately $40,000.00 on credit card indebtedness. They also owed approximately $14,500.00 to the Internal Revenue Service. The following debts are also owed by the parties:

First National Bank and Trust Company of Athens:

1. $18,931.67, secured by a lien on a Honda Automobile. (Monthly payments $486.48).

2. $7,582.33 secured by a lien on a truck. (Monthly payments $289.36).

3. $626.47 personal loan (Monthly payments $99.60).

Citizen's National Bank $17,000.00.

---

[2]The interest rate on the home mortgage is a variable rate.

Meigs County Bank $3,000.00.

The Honda automobile was awarded to the wife with the requirement that she pay the indebtedness thereon and hold the husband harmless. The wife was ordered to pay $1,200.00 to Shell Master Card; $500.00 to Proffits; and $3,000.00 to Meigs County Bank. The wife was also awarded all the household goods and furnishings.

The husband was awarded the truck and required to pay the indebtedness thereon and hold the wife harmless. The husband was also awarded his pension plan which he valued at $33,433.00. The court made no finding as to the pension plan's value, however, testimony of the husband that its value was $33,433.00 is undisputed. All other indebtedness was assigned to the husband.

In an appeal of a non-jury case, this court's review is de novo upon the record of the trial court, accompanied by a presumption of the correctness of its findings, unless the preponderance of the evidence is otherwise. Tennessee Rules of Appellate Procedure, Rule 13(d). No presumption attaches to the trial court's conclusions of law. In a de novo review, the parties are entitled to a reexamination of the whole matter of law and fact and this court should render the judgment warranted by the law and evidence. Thornburg v. Chase, 606 S.W.2d 672, 675 (Tenn. App.

4

1980); American Buildings Co. v. White, 640 S.W.2d 569, 576 (Tenn. App. 1982); Tennessee Rules of Appellate Procedure, Rule 36.

We will first examine the question of child support. As hereinbefore noted the court ordered the husband to pay $1,300.00 monthly in child support which was calculated pursuant to the Child Support Guidelines. Further the wife was given exclusive possession of the marital residence and the husband was ordered to pay the mortgage payments thereon.

The court made no specific finding as to whether the possession of the property and the payment of the mortgage was additional child support, alimony or a division of the marital property. We believe that, generally, when the court does not specify the character of mortgage payments either as child support or alimony, the mortgage indebtedness is to be considered as a marital debt to be weighed in the division of the marital estate between the parties and is not to be considered child support. We are of the opinion that such is the case here. We are persuaded that this is the correct view when examining the pertinent parts of T.C.A. § 36-4-121, which provides in pertinent part as follows:

> **36-4-121. Distribution of marital property.** — (a)
> (1)  In all actions for divorce or separate support and maintenance, the court having jurisdiction thereof may, upon request of either party, and prior to any determination as to whether it is appropriate to order the support

and maintenance of one (1) party by the other, equitably divide, distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just.

*     *     *

(b)  For purposes of this chapter:

(1) (A) "Marital property" means all real and personal property, both tangible and intangible, acquired by either or both spouses during the course of the marriage up to the date of the final divorce hearing and owned by either or both spouses as of the date of filing of a complaint for divorce, except in the case of fraudulent conveyance in anticipation of filing, and including any property to which a right was acquired up to the date of the final divorce hearing, and valued as of a date as near as reasonably possible to the final divorce hearing date.

*     *     *

(c)  In making equitable division of marital property, the court shall consider all relevant factors including:

(1) The duration of the marriage;

(2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;

(3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;

(4) The relative ability of each party for future acquisitions of capital assets and income;

(5) The contribution of each party to the acquisition, preservation, appreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;

(6) The value of the separate property of each party;

6

(7) The estate of each party at the time of the marriage;

(8) The economic circumstances of each party at the time the division of property is to become effective;

(9) The tax consequences to each party; and

(10) Such other factors as are necessary to consider the equities between the parties.

(d)  <u>The court may award the family home and household effects, or the right to live therein and use the household effects for a reasonable period, to either party, but shall give special consideration to a spouse having physical custody of a child or children of the marriage.</u> (Emphasis added).

There are no apparent tax consequences involved in the division of the property.  Insofar as we are able to determine from the record, there is little difference, if any, in the contributions of each party to the acquisition, preservation, and appreciation of the marital or separate property when considering the contribution of the wife to the marriage as a homemaker and parent. The husband concedes that the wife was a full time homemaker during most of the twenty-three years of marriage. All other factors enumerated above weigh in favor of the wife, including dissipation of assets by the husband.

In support of his argument to the contrary, the appellant refers us to the unreported case of <u>Matheny v. Matheny</u>, 1992 WL 44899 (Tenn. App. 1992) for precedent to the contrary.  <u>Matheny</u> cites <u>Branch v. Branch</u>, 249 S.W.2d 581 (Tenn. App. 1952), for the

7

proposition that "to resolve [a similar] issue, we must ascertain and give effect to the trial court's intention in the final decree."

We have no argument with the proposition advanced in Matheny and Branch. In Matheny, there are several similarities in the court's decree but there is a significant difference between Matheny and this case.

In Matheny, the house was marital property and was divided equally between the parties. The wife was allowed possession of the marital residence as custodian of the minor children. The father was required to pay the monthly mortgage payments on the house until the youngest child reached majority. On appeal, this court held that "[i]t appears ... that the intention of the final decree is for the monthly mortgage payments to be additional child support."

The significant difference between Matheny and this case is that here the marital residence was not divided equally between the parties. On the contrary, the wife was awarded the equity existing in the home at the time of the trial and the husband was awarded any balance over and above that awarded to the wife. Here, the husband reaps the benefits of the payments on the house, whereas, in Matheny, the husband received one-half and the wife one-half of

8

the equity increase because of the husband's payments after the divorce. Therefore, the most reasonable construction of the decree in this case is that the court intended the arrangements concerning the marital residence to be a division of marital property. We conclude, that the disposition of the marital residence is a part of the division of marital property and is not child support.

The amount of child support which the court found to be appropriate under the guidelines is not questioned by the husband or wife on his appeal. We find no error in the establishment of the amount of child support by the trial court.

The husband next challenges the division of the marital property made by the trial court. In his brief, he asserts that the wife received 61.6% of the total assets and he 38.4%. He further claims that he bears the onus of 84.4% of the debts and the wife 15.6%. Generally, the numbers calculated by the husband are correct.

It is well-settled law in this state, however, that the trial court has wide discretion in adjudicating the parties' rights and interests in the marital estate, and that the trial court's findings are entitled to great weight on appeal. See e.g., Batson v. Batson, 769 S.W.2d 849 (Tenn. App. 1988). It is also well-settled law that the division of marital property must merely

9

be an equitable one and not necessarily an equal division. See

T.C.A. § 36-4-121 (c).

> The trial court's goal in every divorce case is to divide the parties' marital estate in a just and equitable manner. The division of the estate is not rendered inequitable simply because it is not mathematically equal, Cohen v. Cohen, 937 S.W.2d 823, 832 (Tenn. 1996); Ellis v. Ellis, 748 S.W.2d 424, 427 (Tenn. 1988), or because each party did not receive a share of every item of marital property. Brown v. Brown, 913 S.W.2d [163] at 168. Marital debts should, where possible, follow their associated assets, Mondelli v. Howard, 780 S.W.2d 769, 773 (Tenn. App. 1989), and should be apportioned by considering the reason for the debt, the party who benefitted from the debt, and the party better able to assume the debt. Mahaffey v. Mahaffey, 775 S.W.2d [618] at 624. In the final analysis, the justness of a particular division of the marital property and allocation of marital debt depends on its final results. See Thompson v. Thompson, 797 S.W.2d 599, 604 (Tenn. App. 1990).

Curtis v. Curtis, 1997 Tenn. App. LEXIS 488.

In this case, when the facts established by the evidence are fitted to the above rules of law, it is clear that the distribution made by the trial court is an equitable one.  The husband's annual earnings at the time of trial were, according to his testimony, $115,000.00.  The wife was basically a homemaker during the entire marriage.  Shortly before the divorce, she took a job with the Meigs County Bank and, at the time of the trial earned $5.50 per hour, which translates into an annual income of approximately $11,440.00 when calculated on a eight-hour workday and a five-day work week. With the enormous difference in income, the husband is

10

clearly the party better able to assume the debt. Further, the record reflects that the husband was the party most responsible for the accumulation of the credit card indebtedness. The trial court directed that he assume the credit card indebtedness for which he was primarily responsible in incurring and directed the wife to assume the credit card indebtedness which she was responsible for incurring. All factors considered, we find the division of the marital estate to be equitable.

The husband next complains of the nature, amount and duration of the award of alimony. He insists that rather than an award of permanent alimony, reasonable rehabilitative alimony would be the proper award. As pointed out by the husband, T.C.A. § 36-5-101(d)(1) states a preference that alimony be rehabilitative rather than permanent. On the other hand, the same section of the code provides that "where there is such relative economic disadvantage and rehabilitation is not feasible in consideration of all relevant factors, including those set out in this subsection, then the court may grant an order for payment of support and maintenance on a long-term basis or until the death or remarriage of the recipient ... ." In this case, it is clear that the wife is at a much greater economic disadvantage than the husband. The relative earning capacities are unduly disproportionate. The husband testified that the wife had approximately two years of college and had held a secretarial certificate of some type, however, her

11

education and training was more than twenty-three years prior to the trial. At age 44, and without any substantial marketable skills, the wife's ability to earn income is severely limited. Taking into consideration the provisions of T.C.A. § 36-5-101(d)(1) subparagraphs A through L, we are of the opinion that the award of alimony was appropriate. We recognize that there are some tax consequences resulting from the award of alimony. The advantage, however, accrues to the husband and the disadvantage is the burden of the wife.

> A trial court's decision to award periodic alimony depends upon the unique facts and circumstances of each case. Walker v. Walker, 656 S.W.2d 11,[3] 14 (Tenn. App. 1983). This Court gives a trial court great latitude in making an alimony decision and is generally disinclined to interfere unless the facts clearly require that we do so. Ingram v. Ingram, 721 S.W.2d 262, 264 (Tenn. App. 1986) and Lancaster v. Lancaster, 671 S.W.2d 501, 502 (Tenn. App. 1984).

Wallace v. Wallace, 733 S.W.2d 102, 108 (Tenn. App. 1987).

In conclusion, we find that the evidence does not preponderate against the judgment of the trial court nor was there any abuse of discretion in the award of alimony.

The wife seeks attorney fees for representation on this appeal. Under the circumstances, we feel that she is entitled to

---

[3]Overruled on other grounds. See Seesel v. Seesel, 748 S.W.2d 422 (Tenn. 1988).

12

a reasonable award of such fees. <u>See</u> <u>Seaton v. Seaton</u>, 516 S.W.2d 91, 93-94 (Tenn. 1974); <u>Folk v. Folk</u>, 210 Tenn. 367, 357 S.W.2d 828 (Tenn. 1962).

We affirm the judgment of the trial court in all respects. This case is remanded to the trial court for a determination of reasonable attorney fee to be awarded to the wife for her defense of this appeal. Costs are assessed against the appellant.

_____
Don T. McMurray, Judge

CONCUR:

_____
Herschel P. Franks, Judge

_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


LARRY STEPHEN ROSEBERRY,      )  McMINN CHANCERY
                              )  C. A. NO. 03A01-9706-CH-00237
        Plaintiff-Appellant   )
                              )
                              )
                              )
                              )
                              )
vs.                           )  HON. EARLE G. MURPHY
                              )  JUDGE BY DESIGNATION
                              )
                              )
                              )
                              )
                              )
JANIS ROSEBERRY,              )  AFFIRMED AND REMANDED
                              )
        Defendant-Appellee    )


**JUDGMENT**

This appeal came on to be heard upon the record from the Chancery Court of McMinn County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in all respects. This case is remanded to the trial court for a determination of reasonable attorney fee to be awarded to the wife for her defense of this appeal. Costs are assessed against the appellant.


PER CURIAM